**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**LATISHA MITCHELL STEWART**                                                 **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO.** 1:16cv166-SA-DAS

**NORTHEAST MISSISSIPPI COMMUNITY
COLLEGE, STEVE BELEW, Individually, and
RANDY BAXTER, Individually**                                    **DEFENDANTS**

                                                                                 **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages because of retaliation for exercise of Plaintiff's rights protected by the anti-retaliation provisions of the Americans with Disabilities Act, and by the First Amendment. A supplemental state law claim is made against the individual Defendant, Steve Belew, in his individual capacity. The following facts support the action:

1.

Plaintiff LATISHA MITCHELL STEWART is an adult resident citizen of 603 West College Street, Booneville, Mississippi 38829.

2.

Defendant NORTHEAST MISSISSIPPI COMMUNITY COLLEGE ("NORTHEAST") is a political subdivision of the State of Mississippi. It may be served with process through its President, Ricky G. Ford, 101 Cunningham Boulevard, Booneville, Mississippi 38829.

Defendant STEVE BELEW is a former security guard for Northeast, who is now employed by the Mississippi Department of Corrections.

Defendant RANDY BAXTER is the Chief of Campus Police at Northeast, who may be served with process at the Campus Police Department, 101 Cunningham Boulevard, Booneville, Mississippi 38829.

3.

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for causes of action arising under the anti-retaliation provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.* The Court has supplemental jurisdiction over Plaintiff's state law claims.

4.

Plaintiff Latisha Stewart was employed for a lengthy period of time as a police officer for the City of Tupelo, Mississippi. Plaintiff filed the attached amended complaint, Exhibit "1," against the City of Tupelo, Mississippi, after having filed an EEOC charge complaining of disability discrimination and retaliation. She alleged various violations of the discrimination laws of the United States, and alleged retaliation.

5.

Plaintiff's suit was ultimately tried in the United States District Court for the Northern District of Mississippi, and the judgment attached hereto as Exhibit "2" was entered in Plaintiff's favor. Plaintiff's EEOC charge and suit were a matter of public concern.

6.

After Plaintiff had successfully litigated her claim against the City of Tupelo, she sought employment from numerous law enforcement agencies. Among the agencies was Defendant Northeast, in approximately July or August 2014.

7.

Plaintiff had difficulty obtaining any answer from Northeast about why she did not receive the campus police officer's job. Finally, the chief of campus police wrote a letter, Exhibit "3," claiming that Plaintiff did not get the job because of information furnished to them by Defendant Steve Belew. According to this letter, Belew had learned about litigation against the City of Tupelo, and Defendant Belew claims to have received other adverse information about Plaintiff. The nature of this information is unspecified.

8.

Defendant Northeast has claimed Plaintiff was not hired based upon information from Defendant Belew, and has claimed a committee thought Plaintiff was not the "best overall candidate for the job."

9.

In fact, a substantial contributing cause and the "but-for" cause of Plaintiff's not being given the job was her filing suit on matters of public concern, and her filing an EEOC charge.

10.

The reasons Plaintiff did not receive the job were protected by the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, and by the free speech provisions of the United States Constitution, Amendment One.

11.

Alternatively, Plaintiff may not have been hired because of intentional interference with her employment by Defendant Belew, who may have communicated to Defendant Northeast that Plaintiff should not be hired because of her litigation against the City of Tupelo.

12.

Plaintiff's employment application was rejected, and a lesser qualified candidate was hired. Plaintiff was initially told that she had the job, then told by Ricky Ford that she received a bad reference because she filed suit against the City of Tupelo.

13.

The individuals who caused Plaintiff not to be hired were Defendants Baxter and Belew. One or both of them gave Defendant Northeast a bad recommendation of Plaintiff.

14.

Plaintiff was not hired because of:

A. Her commencing suit against the City of Tupelo, Mississippi. Her suit was protected both by the First Amendment and by the anti-retaliation provisions of the ADA; and

B. Malicious interference in her employment by Randy Baxter, in his individual capacity as Chief of Campus Police.

15.

Plaintiff has filed the EEOC charge, attached hereto as Exhibit "4," and has received the right-to-sue letter, attached hereto as Exhibit "5."

16.

Plaintiff has filed the Notice of Claim attached hereto as Exhibit "6," and more than 90 days have passed since the filing of that Notice.

17.

Plaintiff has suffered lost income and mental anxiety and stress.

18.

Plaintiff is entitled to actual damages in an amount to be determined by a jury. If the proof warrants, Plaintiff is entitled to punitive damages against Defendant Belew, in his individual capacity.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages against Defendant Randy Baxter and Defendant Steve Belew, and actual damages against Defendant Northeast Mississippi Community College, in an amount to be determined by a jury, and for reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 12th day of September, 2016.

           LATISHA MITCHELL STEWART, Plaintiff

      By: ***/s/ Jim Waide***
         Jim Waide, MS Bar No. 6857
         waide@waidelaw.com
         WAIDE & ASSOCIATES, P.A.
         332 North Spring Street (38804)
         Post Office Box 1357
         Tupelo, MS  38802-1357
         (662) 842-7324 / Telephone
         (662) 842-8056 / Facsimile

         ATTORNEYS FOR PLAINTIFF